

NUMBER 13-12-00491-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SHARON HARTON,                                           Appellant,

v.

FIRST VICTORIA NATIONAL BANK,                     Appellee.

**On appeal from the 135th District Court
of Jackson County, Texas.**

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides and Longoria
### Memorandum Opinion by Justice Benavides

Appellant, Sharon Harton (Sharon), was indicted for hindering a secured creditor,

First Victoria National Bank (the Bank). *See* TEX. PENAL CODE ANN. § 32.33 (West 2011).

The four indictments against her were ultimately dismissed by the Jackson County

District Attorney's Office due to insufficient evidence. Sharon subsequently brought this malicious prosecution action against the Bank. The Bank moved for traditional and no-evidence summary judgments on Sharon's claims. The trial court granted the summary judgment in favor of the Bank and dismissed Sharon's suit. By a single issue, Sharon contends that the trial court erred by granting the Bank's summary judgment because contradictory evidence exists regarding the Bank's role in causing a criminal prosecution. We affirm.

## I. BACKGROUND

In 2008, the Bank made six loans to Gary Harton (Gary), Sharon's husband—five to his business, Jackson County Equipment Company, and one to him individually—which were secured by farm equipment. Gary's company went out of business the next year and sold some of the security for the Bank's notes. Gary's company did not apply the proceeds from the sale to pay down the Bank's debt.

Mark Stewart, vice president of the Bank, eventually communicated to Gary and explained that the Bank intended to pursue "[Gary], and possibly others" unless both parties could reach a settlement on the company's debt in a timely manner. When the Bank could not reach an agreement with Gary, Stewart contacted Edna Police Department Officer Kent Bubela and informed him that Gary might be committing the felony crime of hindering a secured creditor. *See* TEX. PENAL CODE ANN. § 32.33. Stewart also advised Officer Bubela that Sharon, whom the Bank thought was the vice president and a bookkeeper for Jackson County Equipment Company, may have been

2

involved in the offense as well. Sharon was a fourth-grade teacher and served as secretary and treasurer of Jackson County Equipment Company.

After conducting a criminal investigation and reviewing the loan paperwork, Officer Bubela determined that Gary and Sharon had potentially committed the felony of hindering a secured creditor. Officer Bubela reported his findings to the Jackson County District Attorney's Office, which then presented the case to the grand jury. Officer Bubela and two of the Bank's representatives testified before the grand jury, which returned four indictments against Gary and Sharon for hindering a secured creditor. *See id.* Following her indictment, Sharon was arrested and detained in the Jackson County jail for a few hours, but the Jackson County District Attorney's Office dismissed her charges on the basis of insufficient evidence.

Sharon subsequently filed a malicious prosecution action against the Bank, which moved for a traditional and a no-evidence summary judgment. *See* TEX. R. CIV. P. 166a(c), (i). The trial court granted the Bank's motion and dismissed Sharon's lawsuit. This appeal followed.

## II. CHALLENGE TO SUMMARY JUDGMENT

By one issue, Sharon contends that the trial court erred in granting the Bank's summary judgment because there is evidence that the Bank knowingly provided false information and failed to make a full disclosure of exculpatory evidence to a prosecutor who relied and acted on that false information. Sharon asserts that the summary judgment evidence establishes a fact issue as to whether the Bank's alleged acts were the cause in fact of the criminal prosecution.

3

## A. Standard of Review and Applicable Law

This Court reviews de novo the trial court's granting of a summary judgment. *Valence Op. Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When a party moves for summary judgment on both no-evidence and traditional grounds, we first review the trial court's judgment under the no-evidence standards. *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 600 (Tex. 2004). If an appellant failed to meet the lesser no-evidence standard, then there is no need to analyze whether an appellee's summary judgment proof satisfied the burden related to traditional summary judgment motions. *Id.*

A movant is entitled to summary judgment under rule 166a(i) if there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). When the evidence offered to prove an essential element is so weak that it does nothing more than create a mere surmise or suspicion of a fact, the evidence is no more than a scintilla and, in legal effect, is no evidence. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983). More than a scintilla of evidence exists when the evidence creates more than mere suspicion and would enable reasonable and fair-minded people to reach different conclusions. *See Hamilton v. Wilson,* 249 S.W.3d 425, 426 (Tex. 2008); *Ford Motor Co.,* 135 S.W.3d at 601. In our no-evidence review, we view the evidence presented in the light most favorable to the non-movant when the non-movant presents more than a scintilla of evidence that raises a genuine issue of material fact, no evidence summary judgment is improper. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006).

A claim for malicious criminal prosecution requires the plaintiff to prove by a preponderance of the evidence that: (1) a criminal prosecution was commenced against plaintiff; (2) defendant initiated or procured that prosecution; (3) the prosecution terminated in plaintiff's favor; (4) plaintiff was innocent of the charges; (5) defendant lacked probable cause to initiate the prosecution; (6) defendant acted with malice; and (7) plaintiff suffered damages. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006). In malicious prosecution claims, "there is little room for error in applying the law [and] [e]ven a small departure from the exact prerequisites for liability may threaten the delicate balance between protecting against wrongful prosecution and encouraging reporting of criminal conduct." *Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 291 (Tex. 1994).

## B. The Bank Did Not Procure the Prosecution

"Procurement," the second element, occurs when a person's actions are enough to cause the prosecution, and but for the person's actions, the prosecution would not have occurred. *Id.* "But for" causation is legally insufficient to establish procurement, however, when the decision to prosecute is left to the independent discretion of a law enforcement official or grand jury, unless the person provided information he knows to be false. *King v. Graham*, 126 S.W.3d 75, 78 (Tex. 2003). "If the decision to prosecute would have been made with or without the false information, the complainant did not cause the prosecution by supplying false information." *Id.*

In order to establish the "false information" exception to this rule, the plaintiff must prove that the defendant either knowingly provided the authorities with actual false

5

information or failed to report known material facts. *Eans v. Grocer Supply Co.*, 580 S.W.2d 17, 20 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ). The plaintiff must also prove that (1) the prosecutor acted based on the false information and (2) but for such false information, the decision to prosecute would not have been made. *First Valley Bank of Los Fresnos v. Martin*, 144 S.W.3d 466, 470 (Tex. 2004).

Here, because the ultimate decision to prosecute was made by an independent source—Officer Bubela and the Jackson County Grand Jury—the burden of proof was on Sharon to show some evidence that the Bank knowingly provided false information and that it was a "but for" cause of the prosecution. *See Eans*, 580 S.W.2d at 20; *Lieck*, 881 S.W.2d at 292. The record shows that the Bank provided Sharon's name to Officer Bubela as the vice president and a bookkeeper of Jackson County Equipment Company, even though it did not have any evidence to support these beliefs. However, Officer Bubela's deposition shows that this particular information from the Bank did not cause him to present the matter to the grand jury:

> Q: Officer Bubela, I just want to clarify one thing, and just in connection with your conversations with the bank officers, Mr. Stewart, and Mr. Kucera, or Mr. Zacek, did any three—any one of those three gentlemen ever accuse Sharon Harton of committing a crime?
>
> A: They did not accuse. They said she could be involved.
>
> Q: Did the Bank or any representatives of the Bank at any time indicate to you that they had no belief that [Sharon] had committed any criminal act?
>
> A: No, sir.
>
> Q: And other than providing you facts and the paperwork, the loan paperwork, did First Victoria National Bank, or any of those three gentlemen… have any part in your decision to present the matter to

6

the grand jury?

Q: No, sir.

Q: If [Stewart] had told you that he did not think [Sharon] had committed any crime, how would that have affected your investigation?

A: If somebody would have said that they didn't think she did anything wrong or had no bearing on the case, she wouldn't have been listed as a suspect.

Q: Was any of the information provided to you by the bank officials false, as far as you know?

A: As far as I know, no, sir.

Q: Okay. In your investigation, did you determine anything that was provided to you that was false?

A: No, sir.

We conclude that while Stewart's tip could have been the initial cause of Officer Bubela's decision to investigate Sharon, Officer Bubela had an opportunity to independently confirm the validity of the information before he sent the case to the district attorney to begin the prosecution process.

Furthermore, the deposition of Jackson County District Attorney Robert E. Bell also shows that the Bank did not influence the District Attorney's decision to send the case to the grand jury.

Q: Did Mr. Stewart or Mr. Kucera or Mr. Zacek have anything to do, or influence you in any way on your decision to present this matter—

A: No.

Q: —to the grand jury?

A: No, sir.

7

Q:    So your decision to present to the grand jury was based upon what would have been presented to you by Officer Bubela?

A:    That's correct. And I—I don't really make the decision on the strength or weaknesses of the case as to whether I'm gonna present it. I think fundamental fairness requires that anything that may potentially be a felony is taken to a grand jury.

Therefore, our review of the record shows that there is less than a scintilla of evidence that the Bank knowingly provided false information. *See King*, 126 S.W.3d at 78; *Eans*, 580 S.W.2d at 20. Even assuming without deciding that the Bank's tip failed to include known material facts, this was still not sufficient to meet the burden to show the procurement element because Sharon cannot prove that but for the withheld or false information, the decision to prosecute would not have been made. *See Martin*, 144 S.W.3d at 470.

Sharon contends that the Bank procured the criminal prosecution against her by failing to report a known material fact to Officer Bubela, that it did not have any evidence to support its belief of Sharon's involvement in the crime. *See Eans*, 580 S.W.2d at 20. This case, however, is distinguishable from *Eans*. The First Court of Appeals decided in *Eans* that the defendant intentionally procured the prosecution when he arbitrarily refused to inquire of the gate guard or the plaintiff's fellow employees with respect to the plaintiff's whereabouts during the evening in question and also failed to disclose this to the District Attorney's Office. *Id.* The gate guard or the fellow employees in that case should have known whether the plaintiff was in the vicinity at the time of the incident. *Id.* Unlike in *Eans*, Officer Bubela's duty to independently investigate Sharon would have remained even if the Bank had revealed its lack of evidence to supports its suspicion.

8

The missing information, therefore, was not exculpatory because it would not have been dispositive of her involvement in the crime.   The lack of evidence was precisely why an investigation by Officer Bubela was necessary before sending the case to the district attorney.

Sharon failed to produce more than a scintilla of evidence that the Bank knowingly provided false information to Officer Bubela and therefore failed to raise a fact issue as to the procurement element.   *See Kindred*, 650 S.W.2d at 63; *see also* TEX. R. CIV. P. 166a(i).   Accordingly, we conclude that the trial court did not err in granting the Bank's no-evidence summary judgment and overrule her sole issue on appeal.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
3rd day of July, 2013.